## Circuit Court of Maryland

[Go Back Now]

# Case Information

Court System: **Circuit Court for Montgomery County - Civil System**

Case Number: **472550V**    Sub Type: **OTHER TORTS**

Date Filed: **09/19/2019**

Case Status: **OPEN**

# Plaintiff Information

*(Each Alias, Address, and Attorney for the Plaintiff is displayed)*

Name: **ULLOA GOMEZ, MATILDE YAMILEH**

Address: **10279 RIDGELINE DR**
         **MONTGOMERY VILLAGE MD 20886**

*Attorney(s) for the Plaintiff*

Name: **AMSTER, MICHAEL K**

Address: **ZIPIN, AMSTER & GREENBERG LLC**
         **8757 GEORGIA AVE STE 400**
         **SILVER SPRING MD 20910**

Phone: **301-587-9373**

---

Name: **PURCA, LAURA V**

Address: **18703 PINTAIL LANE**
         **GAITHERSBURG MD 20879**

*Attorney(s) for the Plaintiff*

Name: **AMSTER, MICHAEL K**

Address: **ZIPIN, AMSTER & GREENBERG LLC**
         **8757 GEORGIA AVE STE 400**
         **SILVER SPRING MD 20910**

Phone: **301-587-9373**

---

Name: **RIVAS, ABIGAIL GUZMAN**

Address: **420 NORTH SUMMIT AVENUE**
         **GAITHERSBURG MD 20877**

*Attorney(s) for the Plaintiff*

Name: **AMSTER, MICHAEL K**
Address: **ZIPIN, AMSTER & GREENBERG LLC**
**8757 GEORGIA AVE STE 400**
**SILVER SPRING MD 20910**
Phone: **301-587-9373**

---

Name: **RIVAS CORNEJO, KEVIN ALEXIS**
Address: **726 CLOPPER ROAD**
**GAITHERSBURG MD 20878**

*Attorney(s) for the Plaintiff*

Name: **AMSTER, MICHAEL K**
Address: **ZIPIN, AMSTER & GREENBERG LLC**
**8757 GEORGIA AVE STE 400**
**SILVER SPRING MD 20910**
Phone: **301-587-9373**

---

Name: **ESPINOZA CANAS, YESSICA MAGALY**
Address: **414 N SUMMIT AVENUE APT 104**
**GAITHERSBURG MD 20877**

*Attorney(s) for the Plaintiff*

Name: **AMSTER, MICHAEL K**
Address: **ZIPIN, AMSTER & GREENBERG LLC**
**8757 GEORGIA AVE STE 400**
**SILVER SPRING MD 20910**
Phone: **301-587-9373**

---

Name: **VELASQUEZ, WILLIAM**
Address: **17142 DOWNING STREET**
**GAITHERSBURG MD 20877**

*Attorney(s) for the Plaintiff*

Name: **AMSTER, MICHAEL K**

Address: **ZIPIN, AMSTER & GREENBERG LLC**
**8757 GEORGIA AVE STE 400**
**SILVER SPRING MD 20910**
Phone: **301-587-9373**

## Defendant Information

*(Each Alias, Address, and Attorney for the Defendant is displayed)*
Name: **CHIPOTLE SERVICES LLC**
Address: **564 N FREDERICK AVENUE**
**GAITHERSBURG MD 20877**

## Court Scheduling Information

*(Schedule is subject to change)*
Event Date: **12/18/2019**
Description: **PLT EXPERTS IDENTIFIED/FILED BY**

Event Date: **01/15/2020**
Description: **MOTION FOR ALT SVC DEADLINE**

Event Date: **02/14/2020**
Description: **DEF EXPERTS IDENTIFIED/FILED BY**

Event Date: **04/14/2020**
Description: **ALL WRITTEN DISCOVERY SERVED BY**

Event Date: **05/29/2020**
Description: **DISCOVERY COMPLETED**

Event Date: **06/08/2020**
Description: **ADD'L PARTIES JOINDER DEADLINE**

Event Date: **06/15/2020**
Description: **MOTIONS/INC DISPOSITIVE FILED BY**

Event Date: **06/15/2020**
Description: **MEETING OF ALL COUNSEL**

Event Date: **06/15/2020**
Description: **RULE 2-504.3(B) NOTICE DEADLINE**

Event Date: **06/15/2020**
Description: **JOINT PRETRIAL STMT FILED BY**

Event Date: **06/22/2020**

Description: **ADR DEADLINE**

Event Date: **07/02/2020**   Event Time: **01:30 PM**
Description: **PRETRIAL**

Event Date: **07/02/2020**   Event Time: **01:30 PM**
Description: **SETTLEMENT CONF. (RET. JUDGE)**

## Issues Information

Issue: **VIOLATION**
Issue: **VIOLATION**

## Document Tracking

Docket Date: **09/19/2019**   Docket Number: **1**
Docket Description: **BILL OF COMPLAINT**
Docket Type: **Docket**   Filed By: **Plaintiff**
Docket Text: **PLAINTIFFS' COMPLAINT, FILED.**

Docket Date: **09/19/2019**   Docket Number: **2**
Docket Description: **INFORMATION SHEET FILED**
Docket Type: **Docket**   Filed By: **Plaintiff**
Docket Text: **PLAINTIFFS' INFORMATION SHEET, FILED.**

Docket Date: **09/19/2019**   Docket Number: **3**
Docket Description: **REQUEST, INTERPRETER (LANGUAGE)**
Docket Type: **Docket**   Filed By: **Plaintiff**
Docket Text: **PLAINTIFFS' REQUEST FOR SPANISH (EL SALVADOR AND PERU) SPEAKING INTERPRETER FOR ALL HEARINGS AND EVENTS RELATED TO THIS CASE, FILED.**

Docket Date: **09/24/2019**   Docket Number: **4**
Docket Description: **SCHEDULING NOTICE, TRACK 3**
Docket Type: **Docket**   Filed By: **Court**
Docket Text: **SCHEDULING NOTICE AND ORDER OF COURT - TRACK 3 (GREENBERG, J.), ENTERED. (COPIES MAILED)**

Docket Date: **09/24/2019**   Docket Number: **5**
Docket Description: **SCHEDULING AND PRETRIAL HEARING ORDER**
Docket Type: **Docket**   Filed By: **Court**
Docket Text: **ORDER FOR MANDATORY SETTLEMENT CONFERENCE/PRETRIAL HEARING - TRACK 3 (GREENBERG, J.) ENTERED. (COPIES MAILED)**

| | | |
|---|---|---|
| Docket Date: | 09/24/2019 | Docket Number: 6 |
| Docket Description: | ORDER, SCHEDULING | |
| Docket Type: | Docket   Filed By: Court | |
| Docket Text: | SCHEDULING ORDER - TRACK 3 (GREENBERG, J.) , ENTERED. (COPIES MAILED) | |

| | | |
|---|---|---|
| Docket Date: | 09/24/2019 | Docket Number: 7 |
| Docket Description: | NOTICE, NEW CASE NUMBER | |
| Docket Type: | Docket   Filed By: Court | |
| Docket Text: | NOTICE SENT GIVING NEW CASE NUMBER TO ALL PARTIES. | |

| | | |
|---|---|---|
| Docket Date: | 09/24/2019 | Docket Number: 8 |
| Docket Description: | SUMMONS ISSUED | |
| Docket Type: | Docket   Filed By: Court | |
| Docket Text: | ONE 30 DAY SUMMONS ISSUED FOR PERSONAL SERVICE AND MAILED TO ATTORNEY. | |

| | | |
|---|---|---|
| Docket Date: | 09/25/2019 | Docket Number: 9 |
| Docket Description: | NOTICE, EXISTING SCHEDULE | |
| Docket Type: | Docket   Filed By: Court | |
| Docket Text: | NOTICE OF EXISTING SCHEDULE SENT TO MICHAEL K. AMSTER, ESQ., FILED. | |

| | | |
|---|---|---|
| Docket Date: | 10/17/2019 | Docket Number: 10 |
| Docket Description: | UNDELIVERABLE MAIL RETURNED | |
| Docket Type: | Docket   Filed By: Court | |
| Docket Text: | UNDELIVERABLE MAIL RETURNED ON NOTICE OF NEW CASE NUMBER AS TO KEVIN ALEXIS RIVAS CORNEJO. | |

| | | |
|---|---|---|
| Docket Date: | 11/01/2019 | Docket Number: 11 |
| Docket Description: | AFFIDAVIT OF SERVICE ON SUMMONS: SERVED | |
| Docket Type: | Docket   Filed By: Other | |
| Docket Text: | AFFIDAVIT OF SERVICE ON SUMMONS: SERVED AS TO CHIPOTLE SERVICES LLC, W/S/O XIOMARA CRUZ ON OCTOBER 25, 2019, FILED. | |

Go Back

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

**IN THE CIRCUIT COURT OF MARYLAND FOR MONTGOMERY COUNTY**

| | |
|---|---|
| MATILDE YAMILEH ULLOA GOMEZ<br>10279 Ridgeline Dr<br>Montgomery Village, Maryland 20886 | \*<br>\*<br>\*<br>\* |
| LAURA V. PURCA<br>18703 Pintail Lane<br>Gaithersburg, Maryland 20879 | \*<br>\*<br>\* |
| ABIGAIL GUZMAN RIVAS<br>420 North Summit Avenue<br>Gaithersburg, Maryland 20877 | \*<br>\*<br>\* Case No: |
| KEVIN ALEXIS RIVAS CORNEJO<br>726 Clopper Road<br>Gaithersburg, Maryland 20878 | \*<br>\*<br>\* |
| YESSICA MAGALY ESPINOZA CANAS<br>414 North Summit Avenue Apt. 104<br>Gaithersburg, Maryland 20877 | \*<br>\*<br>\* |
| WILLIAM VELASQUEZ<br>17142 Downing Street<br>Gaithersburg, Maryland 20877 | \*<br>\*<br>\* |
| *On Behalf of Themselves*<br>*and Others Similarly Situated* | \*<br>\* |
| PLAINTIFFS, | \* |
| v. | \* |
| CHIPOTLE SERVICES, LLC<br>564 North Frederick Avenue<br>Gaithersburg, MD 20877 | \*<br>\*<br>\* |
| SERVE: COGENCY GLOBAL, INC<br>15195 York Road<br>Lutherville Timonium, MD 21093 | \*<br>\*<br>\* |
| DEFENDANT | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

Plaintiffs Matilde Yamileh Ulloa Gomez, Laura V. Purca, Abigail Guzman Rivas, Kevin Alexis Rivas Cornejo, Yessica Magaly Espinoza Canas, and William Velasquez ("Plaintiffs"), by and through undersigned counsel, on behalf of themselves and others similarly situated, do hereby submit their Class action Complaint against Defendant, Chipotle Services, LLC ("Defendant"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under the Maryland Wage Payment and Collection Law ("MWPCL") and the Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of the State of Maryland.

2. Defendant is a limited liability company formed under the laws of the State of Colorado.

3. At all times relevant to this action, Defendant owned and operated the Chipotle Mexican Grill located at 564 North Frederick Avenue, Gaithersburg, MD ("Gaithersburg Chipotle Restaurant") at which Plaintiffs and other similarly situated individuals were employed.

4. At all times relevant to this action, Defendant was Plaintiffs' employer within the meaning of the MWHL and MWPCL.

5. Pursuant to the foregoing, jurisdiction and venue are proper in the Circuit Court for Montgomery County, Maryland.

## FACTS

6. Plaintiffs were employed by Defendant in the capacities of "crew member," "kitchen manager," and "shift supervisor" at various times during the time period 2016 through about August 23, 2019.

7. During the period of Plaintiffs' employment, Defendant paid Plaintiffs and other

2

similarly situated "crew members," "kitchen managers," "shift supervisors" and related hourly employees employed by Defendant at Defendant's Gaithersburg Chipotle Restaurant ("the Wage Class") as hourly employees.

8. While in Defendant's employ at the Gaithersburg Chipotle Restaurant, Defendant willfully and systematically engaged in "wage theft" whereby Defendant (1) required Plaintiffs and members of the Wage Class to perform a substantial amount of work duties without allowing Plaintiffs and the members of the Wage Class to first sign in as well as (2) requiring Plaintiffs and the members of the Wage Class to perform a substantial amount of work duties after Defendant required Plaintiffs and the members of the Wage Class to sign out for the work day or on days on which Plaintiffs and the members of the Wage Class were not scheduled to work.

9. As a consequence of Defendant's "wage theft" scheme, Defendant failed to pay Plaintiffs and the members of the Wage Class "off the clock" wage for about five (5) to fifteen (15) or more hours per week.

10. A portion of the "off the clock" wages Defendant failed to pay to Plaintiffs were for non-overtime hours.

11. A portion of the "off the clock" wages Defendant failed to pay to Plaintiffs and the members of the Wage Class were for overtime hours worked in excess of forty (40) per week.

12. At no time did Plaintiffs or the members of the Wage Class perform work that meets the definition of exempt work under the MWHL or the MWPCL.

## CLASS ACTION ALLEGATIONS

13. Plaintiff, individually and other similarly situated, are pursuing Maryland wage claims as a class action pursuant to the Maryland Rules.

14. Plaintiffs and all other similarly situated individuals performed "off the clock" overtime work duties as hourly employees at Defendant's Gaithersburg Chipotle Restaurant and were not paid for all hours worked each week at regular rate or overtime rate of pay.

15. In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

16. Defendant failed to pay overtime to Plaintiffs and other members of the Wage Class at the required legal rate.

17. Common to the claims of Plaintiffs and each member of the Wage Class is that each individual earned an hourly wage and each did not receive all wages during the relevant period.

18. Specifically, Plaintiffs and each member of the Wage Class is seeking the difference between the wages Defendant paid them each week and wages Defendant should have paid Plaintiffs and each member of the Wage Class had Defendant compensated Plaintiffs and each member of the Wage Class for all regular and overtime hours worked primarily for Defendant's benefit.

19. In the present case, the number of members of the Wage Class is believed to exceed at least fifty (50) current and former employees.

20. All members of the Wage Class are readily identifiable from information and records in the possession and control of the Defendant.

21. In the present case, the claims of Plaintiffs, the representative parties, are typical of the claims of the class.

22. The legal claims and legal theories being pursued by Plaintiffs, the class representatives, are nearly identical to the legal claims and theories being pursued by the Wage

Class.

23. In the present case, Plaintiffs, the representative parties, will fairly and adequately protect the interest of the class.

24. Plaintiffs, the class representatives, are represented by competent and experienced counsel who will vigorously prosecute this case.

25. In the present case, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy in that there will not be any substantial difficulties in managing a class action in the present case, judicial economy dictates in favor of litigating all of the claims in a single forum, based upon information and belief no other litigation concerning this controversy has been commenced by any of the potential class members, and there is no significant reason that the individual class members need to control the litigation of this case.

## CAUSES OF ACTION

### COUNT I
### Violation of the Maryland Wage Hour Law

26. Plaintiffs re-alleges and reasserts every allegation set forth above as if each were set forth herein.

27. Plaintiffs, and similarly situated Wage Class members, were Defendant's "employees" and Defendant was Plaintiffs' and similarly situated class members were "employers" within the meaning of the MWHL.

28. As "employers," Defendant was obligated to pay Plaintiffs and similarly situated Wage Class members overtime compensation under § 3-415 and § 3-420 of the MWHL at the rate of one-and-one-half times (1.5x) his regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

29. As set forth above, Defendant failed to pay Plaintiffs and similarly situated Wage Class members time and a half their regular rate for all hours worked.

30. Defendant had actual or constructive knowledge of all hours Plaintiffs and similarly situated employees worked, including overtime hours. Nevertheless, Defendant willingly and knowingly failed to pay Plaintiffs and other similarly situated employees overtime hours at the overtime rate as required under the MWHL.

## COUNT II
### Violation of the Maryland Wage Payment Collection Law

31. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

32. Plaintiffs and similarly situated Wage Class members were Defendant's "employees" pursuant to § 3-501 and § 3-502 of the MWPCL.

33. Defendant was Plaintiffs' and similarly situated Wage Class members' "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

34. As "employers," Defendant was obligated to pay Plaintiffs and similarly situated Wage Class members all wages due for the work performed, including overtime wages.

35. As detailed above, Defendant failed to compensate Plaintiffs and similarly situated Wage Class members for all hours worked.

36. Defendant's failure and refusal to pay overtime due was not the result of any bona fide dispute.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a class action under Maryland Rule 2-231 and

for the prosecution of claims alleged herein under Maryland law to proceed to judgment as a class action to include claims for class members for the entire relevant period.

C. Judgment against Defendant for failing to pay all wages required by Maryland law.

D. Judgment that Defendant's violations of Maryland wage and hour laws lacked objective good faith and that there was no *bona fide* dispute as to their entitlement to those overtime wages;

E. An award to Plaintiffs and those similarly situated in the amount of all unpaid wages found to be due and owing to each individual and for the award of liquidated damages in amounts prescribed by Maryland law;

F. An award of attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as may be necessary and appropriate.

Respectfully submitted,

_____
Michael Amster, Esq.
Client Protection Fund No. 1107150001
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com

*Counsel for Plaintiffs/Punitive Class Members*

RECEIVED
SEP 19 2019
Clerk of the Circuit Court
Montgomery County, Md.

Circuit Court for Montgomery County
                          City or County

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: [X] PLAINTIFF  [ ] DEFENDANT      CASE NUMBER _____ (Clerk to insert)

CASE NAME: Matilde Yamileh Ulloa Gomez, et al.  vs.  Chipotle Service, LLC
                   Plaintiff                                      Defendant

JURY DEMAND: [ ] Yes  [X] No      Anticipated length of trial: _____ hours or  3  days
RELATED CASE PENDING? [ ] Yes [X] No  If yes, Case #(s), if known: _____
Special Requirements? [X] Interpreter (Please attach Form CC-DC-041)
                        [ ] ADA accommodation (Please attach Form CC-DC-049)

### NATURE OF ACTION (CHECK ONE BOX) | DAMAGES/RELIEF

| TORTS | LABOR | A. TORTS | |
|---|---|---|---|
| [ ] Motor Tort | [ ] Workers' Comp. | **Actual Damages** | |
| [ ] Premises Liability | [ ] Wrongful Discharge | [ ] Under $7,500 | [ ] Medical Bills $ _____ |
| [ ] Assault & Battery | [ ] EEO | [ ] $7,500 - $50,000 | |
| [ ] Product Liability | [X] Other  Unpaid Wages | [ ] $50,000 - $100,000 | [ ] Property Damages $ _____ |
| [ ] Professional Malpractice | **CONTRACTS** | [ ] Over $100,000 | |
| [ ] Wrongful Death | [ ] Insurance | | [ ] Wage Loss $ _____ |
| [ ] Business & Commercial | [ ] Confessed Judgment | | |
| [ ] Libel & Slander | [ ] Other | | |
| [ ] False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** | **C. NONMONETARY** |
| [ ] Nuisance | [ ] Judicial Sale | | |
| [ ] Toxic Torts | [ ] Condemnation | [ ] Under $10,000 | [ ] Declaratory Judgment |
| [ ] Fraud | [ ] Landlord Tenant | [ ] $10,000 - $20,000 | [ ] Injunction |
| [ ] Malicious Prosecution | [ ] Other | [ ] Over $20,0000 | [ ] Other _____ |
| [ ] Lead Paint | **OTHER** | **D. EQUITY** | |
| [ ] Asbestos | [ ] Civil Rights | [ ] See Addendum | |
| [ ] Other | [ ] Environmental | | |
| | [ ] ADA | | |
| | [ ] Other | | |

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation [X] Yes [ ] No
B. Arbitration [ ] Yes [X] No
C. Settlement Conference [X] Yes [ ] No
D. Neutral Evaluation [ ] Yes [X] No

### TRACK REQUEST
With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**
[ ] 1/2 day of trial or less
[ ] 1 day of trial time
[ ] 2 days of trial time
[X] 3 days of trial time
[ ] More than 3 days of trial time

PLEASE SEE PAGE TWO AND THREE OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, BALTIMORE COUNTY, OR PRINCE GEORGE'S COUNTY.

Date 9/16/2019            Signature _____

CC-DCM-002 (Rev. 03/2016)        Page 1 of 3

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** Trial within 7 months of Filing

☑ **Standard** Trial within 18 months of Filing

☐ EMERGENCY RELIEF REQUESTED

Signature     Date 9/16/19

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing      ☐ Standard - Trial within 18 months of Filing

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, BALTIMORE COUNTY, OR PRINCE GEORGE'S COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Standard-Short | Trial 210 days. |
| ☐ | Standard | Trial 360 days. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____ |
| ☐ | Asbestos | Events and deadlines set by individual judge. |
| ☐ | Protracted Cases | Complex cases designated by the Administrative Judge. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

CC-DCM-002 (Rev. 03/2016)                         Page 2 of 3

**MARYLAND JUDICIARY**

☒ **CIRCUIT COURT** ☐ **DISTRICT COURT OF MARYLAND FOR** Montgomery County

Located at 50 Maryland Ave, Rockville, MD 20850     Case No. _____

**STATE OF MARYLAND**
or
Matilde Yamileh Ulloa Gomez, et al.
_Plaintiff/Petitioner_      vs.   Chipotle Service, LLC
                                  _Defendant/Respondent_

## REQUEST FOR SPOKEN LANGUAGE INTERPRETER

Requests for interpreter should be submitted to the court not less than thirty (30) days before the proceeding for which the interpreter is requested.

Type of court proceeding: ☐ Criminal ☒ Civil ☐ Traffic ☐ Juvenile ☐ Family ☐ Other: _____

If this request is for Juvenile, please check the appropriate box:
☐ Child in Need of Supervision (CINS) ☐ Termination of Parental Rights (TPR) ☐ Delinquent ☐ Child in Need of Assistance (CINA) ☐ Adoption ☐ Other: _____

1. Hearing/trial: TBD                      Time: TBD          Courtroom: TBD

☐ An interpreter is needed for THIS HEARING OR EVENT ONLY.
☒ I am a party (Plaintiff or Defendant) and need an interpreter FOR ALL HEARINGS & EVENTS RELATED TO THIS CASE, unless indicated otherwise.

2. Location of hearing/trial: TBD

4. DIALECT: Spanish     5. Country & region where language is spoken (_do not omit_): El Salvador & Peru     3. LANGUAGE: Spanish

Name of Person Requesting Interpreter: Michael K. Amster

Name of Person Who Needs Interpreter: All Plaintiffs

Person Needing Interpreter is the:
☐ Defendant/Respondent
☒ Plaintiff/Petitioner
☐ Attorney
☐ Victim
☐ Victim's Representative (includes a family member or guardian of a victim who is a minor, deceased, or disabled)
☐ Witness for: ☐ the Defendant/Respondent ☐ the State ☐ the Plaintiff/Petitioner ☐ Other: _____

**NOTICE:** If a court hearing or proceeding is postponed or continued, you do not need to make a new interpreter request. An interpreter will be provided for the new hearing date.

9/16/2019
_Date_

Michael K. Amster
_Printed Name_

8757 Georgia Avenue, Suite 400
_Address_

Silver Spring, MD 20910
_City, State, Zip_

_Signature of Applicant/Applicant's Attorney or Representative_

301-587-9373
_Telephone Number_

240-839-9142
_Fax_

mamster@zagfirm.com
_E-mail_

## CERTIFICATE OF SERVICE

I certify that I served a copy of this Motion / request upon the following party or parties by:
☐ mailing first class mail, postage prepaid ☐ hand delivery, on _____

_____ to: _____
_Name_                      _Date_

_____     _____
_Name_                      _Address_

_____     _____
_Date_                      _Address_

CC-DC-041 (Rev. 07/2015)                 _Signature of Party Serving_

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

MATILDE YAMILEH ULLOA GOMEZ, ET AL
Plaintiff

v.

CHIPOTLE SERVICES LLC
Defendant

Case No. 472550-V
Judge:

## SCHEDULING NOTICE AND ORDER OF COURT - TRACK 3
(1953)
COMPLAINT FILED ON 09/19/2019

It is by the Circuit Court for Montgomery County, Maryland, ORDERED as follows:

1) **Proof of Service.** Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.
   a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.
   b) As to any Defendant not timely served, the Court may sever the case against that party.
   c) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint: DEADLINE: 01/15/2020**
   d) Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.
   e) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.
   f) **FAILURE TO SERVE A PARTY WILL NOT RESULT IN A MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER**

2) **Answer or Other Responsive Pleading.** Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3) **Initial Discovery.** No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:
   a) **Initial Disclosure of the Plaintiff's Experts** to occur no later than deadline provided on the Scheduling Order: The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues

MICHAEL K AMSTER, ESQ
ZIPIN, AMSTER & GREENBERG LLC
8757 GEORGIA AVE STE 400
SILVER SPRING MD 20910



Page One of Two

Case No. 472550-V

and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no circumstances may this information be withheld.

4) <u>Discovery of Electronic Information</u>. Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties should address the following:

a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
b) Exchange of discoverable information in electronic format where appropriate, including:
  i) The format of production, *i.e.*, PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the storage media on which the information shall be exchanged; and
  ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
d) The manner of handling inadvertent production of privileged materials; and
e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5) <u>Attorneys' Fees</u>. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704 and 2-705.)

7) <u>Mediation</u>. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an objection to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

Date: 09/24/2019

*Robert A. Greenberg*
Robert A. Greenberg
Circuit Administrative Judge

Questions? Please see www.montgomerycountymd.gov/circuitcourtDCM or call the DCM coordinator at 240-777-9358.

Page Two of Two

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

MATILDE YAMILEH ULLOA GOMEZ, ET AL
Plaintiff

v.

CHIPOTLE SERVICES LLC
Defendant

Case No. 472550-V
COMPLAINT FILED ON: 09/19/2019

## Scheduling Order - Track 3
(738)

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

EVENT:   [ATTENDANCE REQUIRED AT EVENTS]                                          DEADLINE:

DEADLINE: PLT EXPERTS IDENTIFIED                                                  12/18/2019
DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED                                    01/15/2020
DEADLINE: DEF EXPERTS IDENTIFIED                                                  02/14/2020
DEADLINE: ALL WRITTEN DISCOVERY SERVED BY                                         04/14/2020
DEADLINE: DISCOVERY COMPLETED                                                     05/29/2020
DEADLINE: ADD'L PARTIES JOINDER                                                   06/08/2020
MEETING OF ALL COUNSEL, 06/15/2020 Time and place to be determined PLUS DEADLINES:
DEADLINE: DISPOSITIVE MOTIONS FILED                                               06/15/2020
DEADLINE: RULE 2-504.3(B) NOTICE                                                  06/15/2020
DEADLINE: ADR DEADLINE                                                            06/22/2020
DEADLINE: JOINT PRETRIAL STATEMENT FILED                                          06/15/2020
SETTLEMENT CONFERENCE/PRETRIAL HEARING, 07/02/2020 01:30 PM ATTENDANCE REQUIRED
DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.

TRIAL COUNSEL SHALL APPEAR AT THE SETTLEMENT CONFERENCE/PRETRIAL HEARING, ACCOMPANIED BY THE PARTIES AND THE INDIVIDUAL(S) WITH AUTHORITY TO SETTLE THE CASE. MOTIONS FILED IN TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 AND 2-341.

AFTER THE SETTLEMENT CONFERENCE, IF NEEDED, THE TRIAL DATE SHALL BE SET AT THE PRETRIAL HEARING. BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED. [TRIAL DATE BETWEEN: 07/31/2020 AND 11/08/2020.]

ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADVANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

*Robert A. Greenberg*
Robert A. Greenberg
Circuit Administrative Judge

MICHAEL K AMSTER, ESQ
ZIPIN, AMSTER & GREENBERG LLC
8757 GEORGIA AVE STE 400
SILVER SPRING MD 20910

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM.

COURT FOR MONTGOMERY COUNTY, MARYLAND



**Barbara H. Meiklejohn**
Clerk of the Circuit Court for Montgomery County, Maryland
50 Maryland Avenue
Rockville, Maryland 20850-2397

September 24, 2019

RE: Notice of New Case Number for
MATILDE YAMILEH ULLOA GOMEZ, ET AL vs CHIPOTLE SERVICES LLC
Reference Case#: N/A
Case Type: VIOLATION
(836)

Dear Sir/Madam:

Please be advised that the above referenced case was received on September 19, 2019, in the office of the Clerk for Montgomery County. This matter has been assigned case number 472550-V. Please include this case number on all future papers to be filed in this case.

Sincerely,

Clerk of the Circuit Court
for Montgomery County,
Maryland

MICHAEL K AMSTER, ESQ
ZIPIN, AMSTER & GREENBERG LLC
8757 GEORGIA AVE STE 400
SILVER SPRING MD 20910

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
(248)

Case No: 472550-V

TO:
CHIPOTLE SERVICES LLC
564 N FREDERICK AVENUE
GAITHERSBURG MD 20877

(Service Address)
COGENCY GLOBAL INC
15195 YORK ROAD
LUTHERVILLE TIMONIUM, MD 21093

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:

**MATILDE YAMILEH ULLOA GOMEZ**

within 30 days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

Date Issued: 09/24/2019



Barbara H. Meiklejohn
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:
1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## RETURN

[ ] Served _____ on _____ at _____
         (Whom)              (Date)       (City/State/Country)
[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served
[ ] Unserved _____
             (Date)      (Reason)

_____              [ ] Sheriff
(Signature)