## IN THE CIRCUIT COURT OF MARYLAND FOR MONTGOMERY COUNTY

MATILDE YAMILEH ULLOA GOMEZ  
10279 Ridgeline Dr  
Montgomery Village, Maryland 20886  

LAURA V. PURCA  
18703 Pintail Lane  
Gaithersburg, Maryland 20879  

ABIGAIL GUZMAN RIVAS  
420 North Summit Avenue  
Gaithersburg, Maryland 20877  

KEVIN ALEXIS RIVAS CORNEJO  
726 Clopper Road  
Gaithersburg, Maryland 20878  

YESSICA MAGALY ESPINOZA CANAS  
414 North Summit Avenue Apt. 104  
Gaithersburg, Maryland 20877  

WILLIAM VELASQUEZ  
17142 Downing Street  
Gaithersburg, Maryland 20877  

*On Behalf of Themselves  
and Others Similarly Situated*  

PLAINTIFFS,

v.

CHIPOTLE SERVICES, LLC  
564 North Frederick Avenue  
Gaithersburg, MD 20877  

SERVE: COGENCY GLOBAL, INC  
15195 York Road  
Lutherville Timonium, MD 21093  

DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No: *[illegible clerk stamp]*

## **COMPLAINT**

Plaintiffs Matilde Yamileh Ulloa Gomez, Laura V. Purca, Abigail Guzman Rivas, Kevin Alexis Rivas Cornejo, Yessica Magaly Espinoza Canas, and William Velasquez ("Plaintiffs"), by and through undersigned counsel, on behalf of themselves and others similarly situated, do hereby submit their Class action Complaint against Defendant, Chipotle Services, LLC ("Defendant"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under the Maryland Wage Payment and Collection Law ("MWPCL") and the Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of the State of Maryland.

2. Defendant is a limited liability company formed under the laws of the State of Colorado.

3. At all times relevant to this action, Defendant owned and operated the Chipotle Mexican Grill located at 564 North Frederick Avenue, Gaithersburg, MD ("Gaithersburg Chipotle Restaurant") at which Plaintiffs and other similarly situated individuals were employed.

4. At all times relevant to this action, Defendant was Plaintiffs' employer within the meaning of the MWHL and MWPCL.

5. Pursuant to the foregoing, jurisdiction and venue are proper in the Circuit Court for Montgomery County, Maryland.

## FACTS

6. Plaintiffs were employed by Defendant in the capacities of "crew member," "kitchen manager," and "shift supervisor" at various times during the time period 2016 through about August 23, 2019.

7. During the period of Plaintiffs' employment, Defendant paid Plaintiffs and other

2

similarly situated "crew members," "kitchen managers," "shift supervisors" and related hourly employees employed by Defendant at Defendant's Gaithersburg Chipotle Restaurant ("the Wage Class") as hourly employees.

8. While in Defendant's employ at the Gaithersburg Chipotle Restaurant, Defendant willfully and systematically engaged in "wage theft" whereby Defendant (1) required Plaintiffs and members of the Wage Class to perform a substantial amount of work duties without allowing Plaintiffs and the members of the Wage Class to first sign in as well as (2) requiring Plaintiffs and the members of the Wage Class to perform a substantial amount of work duties after Defendant required Plaintiffs and the members of the Wage Class to sign out for the work day or on days on which Plaintiffs and the members of the Wage Class were not scheduled to work.

9. As a consequence of Defendant's "wage theft" scheme, Defendant failed to pay Plaintiffs and the members of the Wage Class "off the clock" wage for about five (5) to fifteen (15) or more hours per week.

10. A portion of the "off the clock" wages Defendant failed to pay to Plaintiffs were for non-overtime hours.

11. A portion of the "off the clock" wages Defendant failed to pay to Plaintiffs and the members of the Wage Class were for overtime hours worked in excess of forty (40) per week.

12. At no time did Plaintiffs or the members of the Wage Class perform work that meets the definition of exempt work under the MWHL or the MWPCL.

## CLASS ACTION ALLEGATIONS

13. Plaintiff, individually and other similarly situated, are pursuing Maryland wage claims as a class action pursuant to the Maryland Rules.

14. Plaintiffs and all other similarly situated individuals performed "off the clock" overtime work duties as hourly employees at Defendant's Gaithersburg Chipotle Restaurant and were not paid for all hours worked each week at regular rate or overtime rate of pay.

15. In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

16. Defendant failed to pay overtime to Plaintiffs and other members of the Wage Class at the required legal rate.

17. Common to the claims of Plaintiffs and each member of the Wage Class is that each individual earned an hourly wage and each did not receive all wages during the relevant period.

18. Specifically, Plaintiffs and each member of the Wage Class is seeking the difference between the wages Defendant paid them each week and wages Defendant should have paid Plaintiffs and each member of the Wage Class had Defendant compensated Plaintiffs and each member of the Wage Class for all regular and overtime hours worked primarily for Defendant's benefit.

19. In the present case, the number of members of the Wage Class is believed to exceed at least fifty (50) current and former employees.

20. All members of the Wage Class are readily identifiable from information and records in the possession and control of the Defendant.

21. In the present case, the claims of Plaintiffs, the representative parties, are typical of the claims of the class.

22. The legal claims and legal theories being pursued by Plaintiffs, the class representatives, are nearly identical to the legal claims and theories being pursued by the Wage

Class.

23. In the present case, Plaintiffs, the representative parties, will fairly and adequately protect the interest of the class.

24. Plaintiffs, the class representatives, are represented by competent and experienced counsel who will vigorously prosecute this case.

25. In the present case, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy in that there will not be any substantial difficulties in managing a class action in the present case, judicial economy dictates in favor of litigating all of the claims in a single forum, based upon information and belief no other litigation concerning this controversy has been commenced by any of the potential class members, and there is no significant reason that the individual class members need to control the litigation of this case.

## CAUSES OF ACTION

### COUNT I
### Violation of the Maryland Wage Hour Law

26. Plaintiffs re-alleges and reasserts every allegation set forth above as if each were set forth herein.

27. Plaintiffs, and similarly situated Wage Class members, were Defendant's "employees" and Defendant was Plaintiffs' and similarly situated class members were "employers" within the meaning of the MWHL.

28. As "employers," Defendant was obligated to pay Plaintiffs and similarly situated Wage Class members overtime compensation under § 3-415 and § 3-420 of the MWHL at the rate of one-and-one-half times (1.5x) his regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

29. As set forth above, Defendant failed to pay Plaintiffs and similarly situated Wage Class members time and a half their regular rate for all hours worked.

30. Defendant had actual or constructive knowledge of all hours Plaintiffs and similarly situated employees worked, including overtime hours. Nevertheless, Defendant willingly and knowingly failed to pay Plaintiffs and other similarly situated employees overtime hours at the overtime rate as required under the MWHL.

## COUNT II
### Violation of the Maryland Wage Payment Collection Law

31. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

32. Plaintiffs and similarly situated Wage Class members were Defendant's "employees" pursuant to § 3-501 and § 3-502 of the MWPCL.

33. Defendant was Plaintiffs' and similarly situated Wage Class members' "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

34. As "employers," Defendant was obligated to pay Plaintiffs and similarly situated Wage Class members all wages due for the work performed, including overtime wages.

35. As detailed above, Defendant failed to compensate Plaintiffs and similarly situated Wage Class members for all hours worked.

36. Defendant's failure and refusal to pay overtime due was not the result of any bona fide dispute.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a class action under Maryland Rule 2-231 and

for the prosecution of claims alleged herein under Maryland law to proceed to judgment as a class action to include claims for class members for the entire relevant period.

C. Judgment against Defendant for failing to pay all wages required by Maryland law.

D. Judgment that Defendant's violations of Maryland wage and hour laws lacked objective good faith and that there was no *bona fide* dispute as to their entitlement to those overtime wages;

E. An award to Plaintiffs and those similarly situated in the amount of all unpaid wages found to be due and owing to each individual and for the award of liquidated damages in amounts prescribed by Maryland law;

F. An award of attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Michael Amster, Esq.
Client Protection Fund No. 1107150001
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com

*Counsel for Plaintiffs/Punitive Class Members*